**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

**CIVIL ACTION NO. 10-146-C**

**PAULINE D. WEAVER,**                                                                               **PLAINTIFF,**

**V.**                        **MEMORANDUM OPINION AND ORDER**

**AT&T CORPORATION,**                                                      **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the plaintiff's motion to remand. R. 7. For the following reasons, the court will deny the motion.

**I.**       **Background**

The plaintiff, Pauline D. Weaver, filed this action in Jefferson Circuit Court on February 15, 2009, against her former employer, AT&T Corp. alleging several violations of the Kentucky Civil Rights Act. In addition to injunctive relief and reinstatement, Weaver seeks a judgment for lost wages and other monetary losses "incurred and to be incurred in the future"; "physical pain, emotional distress, mental anguish, humiliation, embarrassment, and injury to personal dignity"; and court costs and attorneys' fees. Compl. at ¶ 31.

AT&T timely removed this action to federal court on March 4, 2010. R. 1. In its Notice of Removal, AT&T alleged that the parties are diverse and that the amount in controversy exceeds the jurisdictional minimum. R. 1 at 3. Weaver

1

moved to remand on March 31, 2010, arguing that AT&T had failed to carry its burden of proving the amount-in-controversy requirement. R. 7.

The parties dispute whether the amount in controversy exceeds $75,000. In general, a civil case brought in state court may be removed to federal court by a defendant if the case could have been brought there originally. 28 U.S.C. § 1441(a). A federal court has original diversity jurisdiction over those matters where the amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. 28 U.S.C. § 1332. A defendant who seeks to remove a case bears the burden of proving the diversity jurisdiction requirements. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). "Where the plaintiff seeks to recover some *unspecified* amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," the defendant must show by a preponderance of evidence that it is "more likely than not" that the plaintiff's claim exceeds $75,000. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (emphasis in original).

II.     **Analysis**

The parties dispute whether, when considering the amount in controversy, the court should consider only the amount of back pay that had accrued at the time of removal or whether it may consider the amount of back pay that will likely have accrued by the time of trial.

In support of its Notice of Removal, AT&T provided the unrebutted affidavit of Chris Dondzila, who stated that Weaver's annual base pay when she resigned on April 1, 2009, was $37,596.00 and her total wages for 2008 were $48,744.32. R. 1 at 2. AT&T alleges that Weaver's claim for back pay alone will exceed the jurisdictional threshold using the lesser figure unless the case is tried before April 2, 2011; alternatively, using the greater figure, Weaver's claim for back pay will exceed $75,000 unless the case is tried before October 16, 2010. R. 9 at 3.

The amount in controversy is calculated at the time of removal. *Rogers*, 230 F.3d at 871. Some courts have interpreted this maxim as precluding consideration of back pay amounts that will likely accrue after the date of removal. *See, e.g., Parrigan v. Pfaff Indus. of Am., Inc.,* 06-cv-160, 2006 U.S. Dist. LEXIS 92135, at *10 (W.D. Ky. Dec. 19, 2006). In the instant case, Weaver seeks back pay "for wage and other monetary damages incurred and to be incurred in the future." R.1, Exh. 2. Thus, because at the time of removal Weaver sought an award for back pay that included future accruals, it is appropriate to consider back pay beyond the time of removal. *See Gafford v. Gen. Elec.*, 997 F.2d 150, 160-61 (6th Cir. 1993) (affirming based on testimony that the plaintiff would be entitled to a sum greater than the jurisdictional minimum if she prevailed on her claims); *DeWolff v. Hexacomb Corp.,* No. 09-cv-548, 2009 U.S. Dist. LEXIS 67524 at *8-9 (W.D. Mich. July 30, 2009); *Bajor v. Wal-Mart Corp.,* No. 08-12401, 2008 U.S. Dist. LEXIS 59784, at * 14 (E.D. Mich. Aug. 6, 2008).

AT&T has shown by a preponderance of the evidence that the amount of back pay would exceed $75,000. A trial date has not been scheduled, but it is more likely than not that a trial is likely to happen after October 16, 2010 or April 2, 2011, respectively.

III.  **Conclusion**

Accordingly, **IT IS ORDERED** that Weaver's motion to remand (R. 7) is **DENIED**.

Signed on  June 17, 2010

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**