UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 10-146-C

PAULINE D. WEAVER,                                                                                  PLAINTIFF,

V.                     **MEMORANDUM OPINION & ORDER**

BELLSOUTH TELECOMMUNICATIONS, INC.,                    DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the defendant's motion to dismiss for plaintiff's fraud on the court, R.39. For the following reasons, the court will deny the motion.

Pauline Weaver brought this action against BellSouth Telecommunications, Inc., claiming violations of her civil rights after a series of alleged events that led to Weaver's resignation from employment with BellSouth. Weaver worked for Bellsouth from October 1, 2007, until March 16, 2009, and she claims that during her employment with Bellsouth she was subjected to workplace harassment, a hostile work environment, racial discrimination, and retaliation, constituting violations of KRS §344. Before initiating this suit, Weaver made a complaint with Bellsouth, filled out a statement of occurrence with her union, and filed an EEOC charge of discrimination. Bellsouth denies the allegations that it engaged in any unlawful activity and subsequently filed the present motion to dismiss on the basis that Weaver created a fraudulent e-mail. Bellsouth argues that Weaver fabricated a

document relating to a key issue in this case and that Weaver should thus be sanctioned in the form of dismissal of this action with prejudice.  Because it is not clear from the record that Weaver committed fraud on the court, the court will deny Bellsouth's motion to dismiss.

The court has "inherent authority to sanction bad-faith conduct 'when the party's conduct is not within the reach of the rule or the statute.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991).  Bellsouth moves the court to use its inherent authority to sanction Weaver in the form of dismissal, which is "an extreme sanction" that "is warranted only where 'a clear record of delay or contumacious conduct by the plaintiff' exists . . . and 'a lesser sanction would not better serve the interests of justice.'" *Consolidation Coal Co. v. Gooding*, 703 F.2d 230, 232-33 (6th Cir. 1983).  Guided by these principles, the court finds that a clear record of contumacious conduct in the form of fraud is not present in this action and that even if the court found fraud, a lesser sanction should first be considered.

Bellsouth alleges that Weaver fabricated an e-mail supposedly sent by a Bellsouth employee, Annette Kennedy, which purportedly serves as evidence for Weaver's claims.  In the e-mail, Kennedy discusses Weaver's allegations that Kennedy had used racial slurs towards Weaver and states that Weaver's "job is on the line" for reporting the racial slur. R.39-1. Bellsouth highlights several aspects of the e-mail that indicate fraud, including the appearance of the e-mail, Kennedy's sworn testimony that she did not send the e-mail, Weaver's belated production of

the e-mail, Weaver's wavering testimony about the e-mail's origins and contents, an inconsistent timeline of events reported by Weaver, and sworn testimony by Amy Spann, former Bellsouth employee, that the e-mail in dispute was not reported to her by Weaver as Weaver claimed in her handwritten notes on the e-mail that she planned to do.

Weaver responds to Bellsouth's accusation of fraud by stating that Kennedy is not a credible or reliable witness and that her denial of sending the e-mail should therefore be discredited. Weaver also disputes Bellsouth's allegation that Weaver did not produce the e-mail until months after it was supposedly sent, and she argues that Bellsouth has not clearly and convincingly established fraud on the court because no expert witness has been identified or deposed for the purpose of establishing that the e-mail in question was fabricated, as Bellsouth opines. Finding that a factual dispute remains as to whether the e-mail was fabricated and as to whether Weaver committed fraud, the court will not evaluate whether the "extreme sanction" of dismissal is appropriate in this action, as it has not been clearly shown that any sanction is warranted at this time. Accordingly,

**IT IS ORDERED** that Bellsouth's motion to dismiss for plaintiff's fraud on the court, R.39, is **DENIED**.

Signed on August 10, 2012

Jennifer B. Coffman, Judge
United States District Court

3